UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| KATHERINE PAGENKOPF,<br><br>Plaintiff,<br>v.<br><br>OPTIMUM OUTCOMES, INC.,<br><br>Defendant. | Case No.: 20-cv-1722<br><br>**COMPLAINT** |

## PRELIMINARY STATEMENT

1. Causes of Action herein are brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq*, and out of the invasions of Plaintiff's personal privacy by Defendant and their agents in their illegal efforts to collect a consumer debt.

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for the TCPA claims. Injunctive relief is available pursuant to the TCPA.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the conduct at issue occurred in this District, Plaintiff resides in this District, and Defendant conducts business in this district.

## PARTIES

4. Plaintiff Katherine Pagenkopf (hereinafter "Ms. Pagenkopf") is a natural person who resides in Milwaukee County, State of Wisconsin, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

1

5. Defendant Optimum Outcomes, Inc. is a foreign business with offices located at 2651 Warrenville Road, Suite 500, Downers Grove, IL 60515, and a registered agent of Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, WI 53717.

6. The principal purpose of Defendant's business is the collection of debts.

7. Defendant regularly collects, or attempts to collect, defaulted debts.

8. Upon information and belief, Defendant was attempting to collect a debt from Ms. Pagenkopf.

9. At all relevant times, Defendant acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11. Defendant Optimum Outcomes is attempting to collect medical debt from Ms. Pagenkopf.

12. Defendant Optimum Outcomes sent Ms. Pagenkopf letters dated September 28, 2020, September 29, 2020, and September 30, 2020.

13. These letters sent to Ms. Pagenkopf were validation notes sent under 15 U.S.C. § 1692g.

14. Ms. Pagenkopf sent a letter to Defendant Optimum Outcomes on October 13, 2020 via certified USPS mail, return receipt requested.

15. In this letter, Ms. Pagenkopf requested verification of the debts.

16. Ms. Pagenkopf also disputed owing the debts.

17. Additionally, Ms. Pagenkopf stated that it was inconvenient for her to accept calls and requested that any communication be done in writing and that all phone calls cease.

18. Ms. Pagenkopf has not yet received verification of the debts.

19. However, she has received multiple phone calls and voicemails from Defendant, attempting to collect on the debts.

20. The voicemails have a recorded or artificial voice.

21. The artificial and/or synthesized voice message instructed the recipient that if they were not the person to whom the call was directed to hang up, but to listen if it was Ms. Pagenkopf.

22. At no time has an actual human left a voicemail for her on behalf of Defendant Optimum Outcome

23. Ms. Pagenkopf has suffered from actual damages as a result of these illegal collection actions in the form of anger, anxiety, emotional distress, fear, humiliation, frustration, reduced credit access, amongst other negative emotions.

## TRIAL BY JURY

24. Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. Amend. 7; Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692c(c), 1692d, 1692d(5), 1692e, and 1692g(b).

27. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

### Count 2 – Violation of the Telephone Consumer Protection Act (14 U.S.C. § 227 et seq.)

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Within the four-year period immediately preceding this action, the Defendant Optimum Outcomes made numerous calls to the Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

30. The acts and or omissions of Defendant Optimum Outcomes at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively, and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31. As a causally-direct and legally proximate results of the above violations of the TCPA and the C.F.R., Defendant Optimum Outcomes at all times material and relevant hereto, as described in this Complaint, cause Plaintiff to sustain damages.

32. Defendant Optimum Outcomes did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

4

33. Under 47 U.S.C. § 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per telephone call made to Plaintiff.

34. Since Plaintiff specifically told Defendant Optimum Outcomes not to call her, Defendant Optimum Outcomes willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per telephone call made to the Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

35. Plaintiff is entitled to injunctive relief prohibiting Defendant Optimum Outcomes from contacting the Plaintiff on her cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(a).

## Count 3 – Invasion of Privacy by Intrusion Upon Seclusion

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> <u>Abusive debt collection practices contribute</u> to the number of personal bankruptcies, to marital instability, to the loss of jobs, and <u>to invasion of individual privacy.</u>

15 U.S.C. § 1692(a) (emphasis added).

38. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

5

> It is the policy of the Congress that <u>each financial institution has an affirmative and continuing obligation to respect the privacy of its customer</u> and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

39. Defendant Optimum Outcomes and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt from Ms. Pagenkopf when she had specifically told Defendant not to call her, and calling her cellular telephone, and thereby invaded Plaintiff's privacy.

40. Defendant Optimum Outcomes and its agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

41. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

42. The conduct of Defendant Optimum Outcomes and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

43. Wisconsin has recognized the right to privacy in Wis. Stat. § 995.50.

44. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual and punitive damages from Defendant Optimum Outcomes in an amount to be determined at trial.

**WHEREFORE**, Plaintiff respectfully prays that judgment be granted against Defendant for:

    A.    actual damages pursuant to 15 U.S.C. §1692k(a)(1);

    B.    statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

    C.    costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3);

    D.    statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B);

    E.    treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3);

    F.    an injunction prohibiting Defendant Optimum Outcomes from contacting the Plaintiff on her cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(a).

    G.    actual and punitive damages for the intentional and/or negligent invasions of privacy in an amount to be determined at trial;

    H.    for such other and further relief as may be just and proper.

Dated this 17th day of November, 2020.    Respectfully submitted,

By: s/ Heidi N. Miller
Heidi N. Miller (WI # 1087696)
HNM Law, LLC
PO Box 26273
Wauwatosa, WI 53226
(414) 306-7000
Heidi@hnm-law.com

*ATTORNEY FOR PLAINTIFF*

# VERIFICATION OF COMPLAINT AND CERTIFICATION

Pursuant to 28 U.S.C. § 1746, I, Katherine Pagenkopf, declare under penalty of perjury the following:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

*Katherine Pagenkopf*
Katherine Pagenkopf